UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRAN PINKINS,

        Plaintiff,

    v.

Case No. 19-cv-0368-bhl

CITY OF RACINE, et al.,

        Defendants.

## ORDER DENYING MOTION TO COMPEL

      Plaintiff filed his initial complaint against the City of Racine and several police officers on March 12, 2019, bringing claims under 42 U.S.C. §1983 and The Americans with Disabilities Act. (ECF No. 1.) He filed his first amended complaint on August 9, 2019, and the case proceeded through discovery. (ECF No. 17.) After conducting discovery for more than a year and making several procedural errors, plaintiff filed his second amended complaint on September 8, 2020, without first requesting leave of the Court or consent of the opposing parties. (ECF No. 49.) The second amended complaint was accepted for filing by the Court only after the opposing parties later indicated their consent. (ECF No. 52.) Two new defendants added in the plaintiff's second amended complaint did not appear and were dismissed on February 17, 2021, for plaintiff's failure to file proof of timely and proper service as to them. (ECF No. 84.)

      Under the Court's scheduling order (which was amended six times), the parties were given nearly two years to take discovery. One day before discovery was finally set to close, on March 5, 2021, Plaintiff filed his first motion to compel. (ECF Nos. 85, 69.) In the motion, plaintiff asks the Court to order the Racine County defendants to supplement their prior discovery responses to identify individuals employed by the Racine County Sheriff who were involved in the events alleged in the second amended complaint. (ECF No. 85.) Plaintiff contends that the Racine County defendants have "refused to supplement further supplement discovery as set out herein" and have "not identified most of the individual Sheriffs who received Mr. Pinkin's Medical Request form and escorted him to see medical staff at the Racine County Jail." (Motion, 2-3, ECF No. 85.) Plaintiff notes that "many or most of the medical

request records cannot be identified as to which Sheriff received them from the Plaintiff." (Motion, 3, ECF No. 85.) Plaintiff asserts he is prejudiced due to the lack of identifying information.

In response, the Racine County defendants argue the motion is "without merit," "procedurally flawed," and "untimely." (Response, 1, ECF No. 86.) They explain that they provided "695 pages of records that comprised the entire documentary record related to the Plaintiff's relevant period(s) of incarceration at Racine County Jail such as: requests for medical/mental health attention, [and] medical records related to those requests" on January 31, 2020. (Response, 2, ECF No. 86.) The identifying information for individual Sheriffs as requested by plaintiff is "identified in those documents by names and/or payroll numbers." (Response, 2, ECF No. 86.) They also report that they provided these same documents a second time, with additional information, on July 1, 2020 in response to plaintiff's March 26, 2020 interrogatories and requests for production. (Response, 2, ECF No. 86.) When plaintiff's counsel indicated he was having trouble accessing the download link for the documents, the Racine County defendants produced the same documents again, by resending links to allow counsel to download the documents on July 9 and July 16, 2020. The defendants further facilitated plaintiff's receipt of the materials by mailing CDs containing the same documents to plaintiff's counsel on July 28, 2020 and on August 5, 2020. (Response 3, ECF No. 86.)

Shortly thereafter, the defendants report that plaintiff's counsel asked for "information that would assist in matching officer names to payroll numbers" on August 8, 2020. (Response, 3, ECF No. 86.) The Racine County defendants again report that they cooperated, by providing the requested information on September 14, 2020. (Response, 3, ECF No. 86.) They also report asking "that Plaintiff's counsel provide more detail concerning objections to Plaintiff's discovery requests for the purpose of resolving any lingering discovery disputes." (Response, 3, ECF No. 86.) This last request went without a response until March 2, 2021, when plaintiff's counsel threatened to file a motion to compel. (Response, 4, ECF No. 86.) Three days later, on March 5, 2020, plaintiff requested yet another copy of the documents previously and repeatedly produced. (Response, 4, ECF No. 86.) That same day, the Racine County defendants resent the documents electronically before plaintiff filed his motion to compel. (Response, 4, ECF No. 86.)

Plaintiff has not filed a reply to dispute any of the facts outlined in the Racine County defendants' response. Nor has he withdrawn his motion to compel. Accordingly, the Court

accepts the defendant's recitation of the history of this discovery dispute and will deny the motion to compel for several reasons.

First, it is not clear to the Court that plaintiff's counsel made a good faith effort to confer or a good faith effort to attempt to confer with counsel for the Racine County defendants before filing the motion to compel. Rule 37 of the Federal Rules of Civil Procedure requires the movant to certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's counsel submitted the email he received from the Racine County defendants on March 2, 2020, noting that the Racine County defendants' counsel did "not think we can have a meaningful meet and confer regarding the discovery responses," but failed to submit his own communications certifying that he attempted to confer in good faith with counsel for the Racine County defendants. (Exhibit, ECF No. 85-1.) The full history makes clear plaintiff's counsel did not make a good faith effort to resolve this discovery issue before filing his motion. That is a sufficient basis by itself to deny the motion.

Second, and in any event, based on the recitation from the Racine County defendants, it appears that the documents necessary for plaintiff to identify the individuals involved has been provided to plaintiff's counsel since at least September 14, 2020. (Response, 3, ECF No. 87; Exhibit, 14-16, ECF No. 87-1.) Because the information requested in the motion has been provided to plaintiff's counsel, the motion must also be denied.

Third, plaintiff's counsel has consistently exhibited a lack of diligence in prosecuting this case. It appears from the record before the Court that plaintiff's counsel made no effort between August 2020 and March 2021 to pursue plaintiff's claims, and waited until the final day of discovery to file plaintiff's first, non-expedited, motion to compel for information he received six months previously. Plaintiff's counsel did not even bother to file a reply to his own motion. The Court will not grant relief to plaintiff for problems that plaintiff's counsel created. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel, ECF No. 85, is **DENIED**.

Dated at Milwaukee, Wisconsin on March 30, 2021.

        s/ Brett H. Ludwig
        BRETT H. LUDWIG
        United States District Judge