UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRAN PINKINS,

        Plaintiff,

   v.

CITY OF RACINE, et al.,

        Defendants.

Case No. 19-cv-0368-bhl

## ORDER DENYING MOTION FOR SANCTIONS

    This case began in March 2019 with a modest complaint challenging several City of Racine police officers' use of force. By the time the second amended complaint was filed in September 2020, it had transformed into a three-headed monster with seven counts against nine defendants arising from three distinct events. (*Compare* ECF No. 1 *with* ECF No. 49.) The first set of allegations concerned Plaintiff Tyran Pinkins' encounter with City of Racine Police Officer Joshua Diedrich. The second dealt with Pinkins' incarceration in the Racine County Jail. And the third related to a run-in with Racine Police Officer Todd Lauer that occurred more than a year after the incident involving Diedrich. While there is nothing inherently wrong with a complaint that expands to encompass the breadth of a plaintiff's claims as those claims are discovered, the bloat looks more suspicious, when, as in this case, all of the claims against a single group of defendants—who did not appear in the original complaint and whose actions do not even arise from the events recounted in that complaint—are dismissed at summary judgment. (ECF No. 177.) Indeed, while the Court recently denied, in part, the City of Racine's motion for summary judgment on claims against Diedrich and Lauer, it quickly dispatched the claims against the County Defendants, none of which were particularly close calls. (*Id.*)

    The question now presented is not whether the claims against the County Defendants had merit (they did not) but rather whether pursuit of those meritless claims warrants sanctions. The County seeks actual attorney's fees under Rule 11, characterizing as unreasonable counsel's decision to expand the complaint to include claims they knew or should have known to be

frivolous. (ECF No. 117.) Plaintiff's attorneys flirted with frivolity, but considering all of the circumstances, the Court concludes their conduct fell short of sanctionable, so the County's motion will be denied.

## BACKGROUND

Plaintiff Tyran Pinkins filed his original complaint on March 12, 2019. (ECF No. 1.) That complaint set forth claims against the City of Racine, Officer Diedrich, and five John Doe Racine Police Officers. (ECF No. 92 at 1.) A First Amended Complaint followed on August 9, 2019. (*Id.*) This complaint added as defendants the County of Racine and eight unknown "Racine County Jail Jailers." (*Id.* at 2.)

The County of Racine served its Fed. R. Civ. P. 26(a)(1) disclosures to Pinkins' attorneys, Paul Strouse and Thomas Napierala, on January 31, 2020. (*Id.*) This included the entire 695-page documentary record associated with Pinkins' approximately 200-day incarceration at Racine County Jail. (ECF No. 118 at 2.) The County Defendants reproduced this record in various forms on at least five other occasions. (ECF No. 88 at 2-3.)

On September 8, 2020, Pinkins filed his Second Amended Complaint, identifying the unknown jailers as Geoffrey Thompson, Andrew Ellenberger, Christopher Emper, Jordan Robinson, and Latisha Ramos.[1] (*Id.* at 4.) The complaint asserted a Fourteenth Amendment claim for unreasonable denial of medical treatment against Deputies Ellenberger and Thompson, and *Monell*, ADA, and false imprisonment claims against the County of Racine. (ECF No. 49.)

On February 22, 2021, counsel for the County Defendants emailed Pinkins' attorneys—Strouse, Napierala, and B'Ivory LaMarr—and explained that, based on the evidence on record, there was no merit to Pinkins' claims against Ellenberger and Thompson, and therefore also no merit to the *Monell* claim against the County itself. (ECF No. 119-1.) Defense counsel notified Pinkins' attorneys of his intention to file a motion for Rule 11 sanctions if the meritless claims were not withdrawn within the 21-day safe harbor period. (*Id.*) He subsequently agreed to extend the safe harbor period by one week. (ECF No. 119-5.) Nevertheless, the claims were not withdrawn and remained pending until the Court issued its Order deciding summary judgment. (ECF No. 177.)

---

[1] Emper, Robinson, and Ramos were all dismissed from the case prior to the Court's Order on summary judgment. (ECF Nos. 84 & 147.)

## LEGAL STANDARD

"Rule 11 requires attorneys to certify that every court filing advances arguments warranted by existing law or a nonfrivolous argument for extending the law." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 558 (7th Cir. 2019) (citing Fed. R. Civ. P. 11(b)(2)). "Similarly, the factual contentions attorneys advance must have evidentiary support or be likely to have evidentiary support after a reasonable opportunity for further investigation." *Id.* at 558-59 (citing Fed. R. Civ. P. 11(b)(3)). Both provisions are evaluated objectively. *See Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) ("Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense."). If an attorney fails to comply with these professional requirements, Rule 11 allows for sanctions. *See* Fed. R. Civ. P. 11(c). "[T]he central purpose of [these sanctions] is to deter baseless filings in district court[s]," so their pertinence is "left to the sound discretion of the [those] court[s]." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Foreman v. Wadsworth*, 844 F.3d 620, 627 (7th Cir. 2016).

## ANALYSIS

The County Defendants argue that any rational attorney who made a reasonable inquiry into the facts and law, as required by Rule 11, would never have filed the Fourteenth Amendment or *Monell* claims in the first place. (ECF No. 118.) Accordingly, they seek actual attorney's fees. (*Id.*) But although the actions of Pinkins' three attorneys do not represent the pinnacle of legal advocacy, the Court finds their conduct just short of sanctionable. Therefore, the County Defendants' motion will be denied.

The pending motion highlights several reasons to question whether Pinkins' attorneys performed a reasonable inquiry into the facts and law underlying their client's claims: (1) the County Defendants had to produce their initial disclosures at least six times; (2) Pinkins' attorneys repeatedly referred to "deliberate indifference" to their client's medical needs even though that was not the applicable legal standard; and (3) the Second Amended Complaint contained only vague allegations against Ellenberger and Thompson.

As to point one, the Court has previously noted the lack of diligence Pinkins' attorneys exhibited in prosecuting this case. (ECF No. 88 at 3.) They filed a motion to compel disclosure of information they already possessed and made no good faith effort to confer with the County Defendants before doing so. (*Id.*) And, of course, they requested that the County Defendants reproduce their initial disclosures on five separate occasions. (*Id.* at 2.) But neither the motion to

compel nor the duplicative requests were made because the disclosures were carelessly misplaced or ignored as the County Defendants suggest. Instead, Pinkins' attorneys appear to have sought allegedly missing records, grievances, and medical complaints that they believed were in the County Defendants' possession. (ECF No. 149 at 5.) The Court ultimately determined that these missing documents did not exist, and it chided Pinkins' attorneys for their slapdash attempts to discover them. (ECF No. 88.) But those attempts, however inartful, at least reflected a desire and intent to investigate the facts underlying Pinkins' claims. It is true that when it comes to misstatements of law, "[a]n empty head but a pure heart is no defense," *Thornton*, 787 F.2d at 1154, but this situation does not concern any misstatement of law so much as it does a misunderstanding of and ham-fisted attempt at discovery. Young practitioners would do well not to emulate Pinkins' attorneys, but their poor showing during discovery does not give rise to an inference that they failed to reasonably investigate their client's claims.

Pinkins' attorneys' continued citations to the Eighth Amendment deliberate indifference standard for medical care due a pretrial detainee is more problematic. (*See* ECF No. 49 at 21-22; ECF No. 119-2 at 2.) The law is clear that, as a pretrial detainee, Pinkins' right to medical care was governed by the Fourteenth and not the Eighth Amendment, and defendants' conduct was to be measured by an "objective reasonableness" standard. *See Miranda v. County of Lake*, 900 F.3d 335, 350-52 (7th Cir. 2018). Even after the County Defendants alerted them to this, Pinkins' attorneys continued to invoke deliberate indifference as the relevant standard. (ECF No. 149 at 8-9.) Unfortunately, this is far from an uncommon mistake. Better attorneys have similarly blundered before this Court. Given the frequency with which counsel make this mistake and the fact that counsels' misstatement of law did not significantly burden either the Court or the County Defendants, the Court will show leniency. Pinkins' attorneys are admonished to make a greater effort to stay abreast of intervening changes in law going forward.

On the County Defendants' final point, there is no doubting the vagueness of the allegations against Ellenberger and Thompson in the Second Amended Complaint. And the Court ultimately agreed that both deputies provided objectively reasonable medical care. (ECF No. 177.) But not every failed claim is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). The facts in this instance did not tilt in Pinkins' favor, but the balance was not so egregious as to permit the inference that counsel did not make a reasonable inquiry into them before filing. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932-33 (7th Cir. 1989).

## CONCLUSION

Plaintiff Tyran Pinkins would have been better served had his attorneys excluded claims against the Racine County Defendants from his amended complaints. These lackluster claims distracted from ones with greater potential merit and needlessly expanded the scope of the case in the midst of discovery. The Court offers no commendation, but for the foregoing reasons, it also elects not to issue sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions under Fed. R. Civ. P. 11, ECF No. 117, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge