# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| HEARING DATE: | April 13, 2023 |
| JUDGE: | Brett H. Ludwig |
| CASE NO.: | 19-cv-0368-bhl |
| CASE NAME: | Pinkins v. City of Racine, et al. |
| MATTER: | Pre-Trial Conference |
| APPEARANCES: | B'Ivory LaMarr and Thomas R. Napierala, Attorneys for Plaintiff |
| | Emery K. Harlan and Warren E. Buliox, Attorneys for Defendants |
| TIME: | 10:07 - 11:11 a.m.; 1:02 - 1:22 p.m. |
| COURTROOM DEPUTY: | Julie D. |
| COURT REPORTER: | Jennifer Stake |

The Court held a final pre-trial conference with counsel for the parties. Counsel reported on the status of their case and gave their opinions as to how the upcoming trial should proceed. The parties also supplemented their arguments regarding Defendants' pending motions in limine and motion to exclude experts. The Court promised to advise counsel, on Friday, April 21, 2023, of what time they must be present in Court for the start of trial on April 24, 2023. The Court then described trial procedures and ruled on the motions in limine and the motion to exclude experts.

For the reasons stated on the record,

**IT IS HEREBY ORDERED** that Defendants' first motion in limine to preclude any reference to or argument about criminal charges against Plaintiff being dismissed, ECF No. 196 at 2-4, is **GRANTED**, **in part** and **DENIED**, **in part**. Plaintiff may explain that he was not convicted of any criminal offenses stemming from the incidents at issue in this case, but the Court will then provide a limiting instruction to inform that jury that such information is irrelevant to the issue of excessive force. The Court encourages the parties to stipulate to the language the jury will hear regarding this issue.

**IT IS FURTHER ORDERED** that Defendants' second motion in limine to allow use of Plaintiff's past convictions and prior bad acts, ECF No. 196 at 4-8 is **GRANTED**, **in part** and **DENIED**, **in part**. Defendants may not introduce evidence of Plaintiff's past misdemeanor convictions as those are of little probative value, and any probative value they do have is outweighed by the danger of unfair prejudice. The Court may allow Defendants to introduce evidence of Plaintiff's prior felony conviction, though only if sanitized and followed by a limiting

instruction to inform the jury that the conviction is only relevant to Plaintiff's character for truthfulness. Again, the Court encourages the parties to stipulate to the language the jury will hear regarding this issue.

**IT IS FURTHER ORDERED** that Defendants' third motion in limine to exclude any reference to police policies, training, and procedures as irrelevant, ECF No. 196 at 8-10 is **GRANTED**, **in part** and **DENIED**, **in part**. The motion is granted to the extent that references to police policies, training, and procedures would turn into a mini-trial on issues not relevant to the excessive use of force claims. That said, the parties may produce evidence relevant to the reasonableness inquiry that will ultimately decide the case.

**IT IS FURTHER ORDERED** that Defendants' fourth motion in limine to prohibit evidence and argument pertaining to "excited delirium," ECF No. 196 at 10-12, is **GRANTED**, **in part** and **DENIED**, **in part**. The motion is granted to the extent that references to training on "excited delirium" would turn into a mini-trial on an issue not relevant to the excessive use of force claims. But witnesses may testify to their training to the extent it is relevant to the reasonableness inquiry that will ultimately decide the case.

**IT IS FURTHER ORDERED** that Defendants' fifth motion in limine to exclude testimony and evidence relating to the medical seizure Plaintiff allegedly experienced during his encounter with Defendant Officer Diederich, ECF No. 196 at 13-16, is **DENIED**. Only experts should offer medical testimony. But all witnesses can testify to their firsthand knowledge, from a layman's perspective.

**IT IS FURTHER ORDERED** that Defendants' sixth motion in limine to bar testimony and argument regarding medical conditions that cannot be established with competent medical evidence, ECF No. 196 at 16-18, is **GRANTED**, **in part** and **DENIED**, **in part**. Lay witnesses cannot offer expert medical testimony or diagnoses or otherwise speculate on matters outside their knowledge. But witnesses can explain their own firsthand accounts of what happened.

**IT IS FURTHER ORDERED** that Defendants' seventh motion in limine to preclude any claim, evidence, or argument relating to permanent and/or future mental or emotional pain, suffering, harm, or consequences, ECF No. 196 at 18-19, is **GRANTED**, **in part** and **DENIED**, **in part**. Plaintiff may testify to his own experiences, including ongoing pain and suffering. But he may not speculate about future consequences because he is not qualified as an expert on that front.

**IT IS FURTHER ORDERED** that Defendants' eighth motion in limine to preclude requests or pleas to sympathize with Plaintiff, including "Golden Rule" arguments, ECF No. 196 at 19-20, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' ninth motion in limine to preclude testimony and argument related to Defendants' subjective intent, ECF No. 196 at 20-22, is **DENIED**. Witnesses can testify about their impressions and experiences. But given the Fourth Amendment excessive force standard, Defendants should only be examined regarding their actual perceptions, at the time the underlying events occurred.

**IT IS FURTHER ORDERED** that Defendants' tenth motion in limine to exclude testimony and argument from Plaintiff regarding events that occurred off-camera during his encounter with Defendant Officer Diederich, ECF No. 196 at 22-23, is **DENIED**. All witnesses can testify to their firsthand knowledge of events to the extent relevant.

**IT IS FURTHER ORDERED** that Defendants' eleventh motion in limine to bar information and material from media coverage regarding the circumstances at issue in this case, ECF No. 196 at 23-24, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' twelfth motion in limine to preclude evidence, arguments, or references to other use of force incidents, ECF No. 196 at 24-26, is **GRANTED**, except that Plaintiff may introduce evidence, arguments, or references to the two use of force incidents that form the basis of this lawsuit.

**IT IS FURTHER ORDERED** that Defendants' thirteenth motion in limine to preclude any statement, testimony, or evidence of other use of force incidents or other publicized events involving law enforcement including, but not limited to, police shootings, abuse of authority, the George Floyd incident, chokeholds, strangulation, "I Can't Breathe," a "Code of Silence," or similar remarks, ECF No. 196 at 27-28, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' fourteenth motion in limine to preclude testimony or argument regarding race or racial motivation, ECF No. 196 at 28-29, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' fifteenth motion in limine to preclude experts from expressing legal conclusions, ECF No. 196 at 29-30, is **GRANTED**. Experts may not express legal conclusions.

**IT IS FURTHER ORDERED** that Defendants' sixteenth motion in limine to bar evidence of settlement efforts, ECF No. 196 at 30-31, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' seventeenth motion in limine to exclude evidence of insurance and indemnification, ECF No. 196 at 31-32, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' eighteenth motion in limine to bar Plaintiff from offering any argument, testimony, or other evidence relating to the appropriateness of Defendant Officer Diederich's actions prior to the point when he and Plaintiff leave the view of the dashcam, ECF No. 196 at 33, is **GRANTED**, **in part** and **DENIED**, **in part**. Plaintiff may not argue that Defendant Officer Diederich is liable for any actions that the Court concluded he took while acting as a "Community Caretaker." But Plaintiff may describe the entirety of his encounter with Defendant Officer Diederich.

**IT IS FURTHER ORDERED** that Defendants' nineteenth motion in limine to bar Plaintiff from introducing evidence, testimony, or argument regarding lesser use of force options, ECF No. 196 at 33-34, is **DENIED**. The availability of lesser use of force options may impact the objective reasonableness of Defendants' behavior.

**IT IS FURTHER ORDERED** that Defendants' twentieth motion in limine to preclude argument, testimony, or other evidence regarding Defendants' employment, disciplinary, or legal proceedings records, ECF No. 196 at 34-36, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to exclude experts, ECF No. 198, is **GRANTED**, **in part** and **DENIED**, **in part**. The motion is granted with respect to Plaintiff's experts Arthur J. Taggart and Dr. George Lee Morris III.

Taggart is an expert on police training. If called, he would testify that, had Officer Diederich been properly trained, the events that gave rise to this lawsuit would have unfolded differently. The Court does not find this testimony relevant because Plaintiff's failure-to-train claim was dismissed at summary judgment. Further, to the extent Taggart might offer some relevant testimony, that testimony's probative value would be outweighed by the danger of unfair prejudice to the defense.

Dr. Morris is a neurologist who offered an opinion based solely upon his review of news footage. If called, he would testify that it is his opinion, to a reasonable degree of certainty, Plaintiff suffered a medical seizure during or shortly before his encounter with Defendant Officer Diederich. The Court does not find this testimony to be relevant because whether Plaintiff suffered a medically diagnosable seizure is not the issue in this case. The question is what happened, how the Plaintiff acted and presented to the officers, and whether their response was reasonable based

on the information possessed by Defendants at the time. Additionally, Dr. Morris testified at his deposition that the error rate for a seizure diagnosis was between 30-70%. That margin of error does not establish his opinion to a reasonable degree of certainty.

Defendants' motion is denied with respect to Dr. Nicholas E. Panomitros and Dr. Thomas E. Bournias.

Dr. Panomitros performed an independent, medical, dental evaluation of Plaintiff in 2020. If called, he will testify that Plaintiff suffered certain jaw and mouth related injuries as a result of his encounter with Defendant Officer Diederich. While Defendants criticize Dr. Panomitros' opinion on various grounds, none are reasons to exclude his testimony entirely. Instead, Defendants should use their criticisms during cross-examination. That said, the Court does agree with Defendants that Dr. Panomitros is not qualified to provide expert opinion on Plaintiff's "probable inability to work." As a result, that portion of his opinion is excluded, and he may not testify to related vocational matters for which he is not a qualified expert.

Defendants suggest, alternatively, that Dr. Panomitros should be excluded as a sanction for Plaintiff's failure to make him reasonably available for a deposition. According to Defendants, Dr. Panomitros asked for an exorbitantly high deposition fee, and Plaintiff refused to split that fee with Defendants. But under Fed. R. Civ. P. 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require the party seeking discovery pay the expert a reasonable fee for time spent responding to discovery." Defendants could have asked the Court to rule on what constitutes a "reasonable fee," paid that, and deposed Dr. Panomitros. Instead, they chose to forgo the deposition and wait to raise the issue until two weeks before trial. Given the timing, the Court will not exclude Dr. Panomitros on the basis that he charged an unreasonable fee and was, therefore, not made available for a deposition.

Dr. Bournias is an ophthalmologist who examined Plaintiff in 2020. If called, he will testify that Plaintiff suffers from certain eye conditions. Defendants argue that Dr. Bournias should be excluded because his opinion does not tie Plaintiff's eye conditions to the underlying events of this case. At this point, it is impossible to say whether Plaintiff will lay an evidentiary foundation for Dr. Bournias' testimony. But if Plaintiff does establish a causal link between his eye conditions and his encounter with Defendants, Dr. Bournias' testimony may come in.

Additionally, for the same reasons stated above, the Court will not exclude Dr. Bournias on the basis that he charged an unreasonable fee and was, therefore, not made available for a deposition.

Finally, Plaintiff agreed to withdraw Michael Ewens as an expert. Accordingly, the Court need not rule on Defendants' request to exclude Ewens.

Dated at Milwaukee, Wisconsin on April 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge