UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TYRAN PINKINS,

    Plaintiff,

v.                                                             Case No.: 19-cv-368

RACINE POLICE OFFICER JOSHUA DIEDERICH, and
RACINE POLICE OFFICER TODD J. LAUER,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION AND BRIEF TO MOVE INTO EVIDENCE PLAINTIFF'S EXHIBIT 6 UNDER FED. R. OF EVID. 803

Defendants Joshua Diederich (incorrectly spelled Diedrich in the Complaint) and Todd Lauer (individually "Defendant Diederich" and "Defendant Lauer") (collectively "Defendants"), by and through their attorneys, submit the following Response to Plaintiff's Motion and Brief to Move into Evidence Plaintiff's Exhibit 6 Under Fed. R. of Evid. 803.

In attempting to admit the Call Detail Report contained in Plaintiff's Exhibit 6, Plaintiff relies on Fed. R. of Evid. 803 ("Rule 803") and a Northern District of Illinois case, *United States v. Boyce*, No. 10-CR-533, 2011 U.S. Dist. LEXIS 123649 (N.D. Ill. Oct. 26, 2011). While Rule 803 does contain the hearsay exceptions delineated by Plaintiff in its Motion, such exceptions are inapplicable to the instant case and the Illinois court that credited similar arguments was faced with circumstances that can be easily distinguished. First, contrary to what Plaintiff suggests, the Exhibit is not admissible merely by virtue of it being a public record. Rather, "the presumption of reliability" as it relates to police reports is generally limited "to the extent to which [the report]

incorporate[s] firsthand observations of the officer." *Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013) (citing Fed. R. Evid. 803(8) advisory committee's note). Third-party statements in a public record, such as the dispatcher's notes in the Call Detail Report, are not afforded the presumption of reliability "and instead must have an independent basis for admissibility." *Id.* (citing support from various other federal circuits).

The present sense impression and excited utterance hearsay exceptions that Plaintiff tries to rely upon are inapposite here. The courts within this Circuit that admit third-party statements in police reports under such exceptions do so where the person calling the police – generally a victim – is relaying factual information necessary to identify an assailant. In the *Boyce* case that Plaintiff relies upon, the person calling 911 was a victim of a domestic dispute, she described what her attacker was wearing, and she did so "without calculation or narration . . . ." *Boyce*, 2011 U.S. Dist. LEXIS 123649, at *8 (citation omitted). The excited utterance hearsay exception is premised on the idea that the individual's "mind is preoccupied with the stress of an exciting event." *Id.* at *10 (citation omitted). This standard is typically only met when the caller or individual relaying information is the victim themselves. Additionally, "the utterance must be contemporaneous with the excitement engendered by the startling event." *Id.* at *9 (citation omitted).

The Call Detail Report in this case reflects a third-party statement unworthy of any hearsay exceptions because they were made by a non-victim, who as a bystander, is unlikely to satisfy the excited utterance standard that victims can more easily meet given the firsthand lingering events of a startling event. The caller was doing precisely what the *Boyce* court indicated is grounds for the record being inadmissible – they were narrating the event. Moreover, Rule 803(6)(E) further justifies excluding Exhibit 6 in that the information indicates a lack of trustworthiness for the same reasons discussed above, and because the caller gives an unfounded conclusion about the incident

2

without being aware or knowing any other information. Admission of Exhibit 6 would only serve to prejudice the Defendants in that the jury would credit the caller's conclusion of "police brutality" and their "duty to report" when it is clear the caller did not have all pertinent information available to him, particularly the information justifying the use of force. As such, Defendants respectfully request that this Court not admit into evidence Plaintiff's Exhibit 6.

Dated at Milwaukee, Wisconsin this 26th day of April, 2023.

*s/ Warren E. Buliox*

MWH LAW GROUP LLP
Emery K. Harlan, Esq.
emery.harlan@mwhlawgroup.com
Warren E. Buliox, Esq.
warren.buliox@mwhlawgroup.com
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

**COUNSEL FOR DEFENDANTS**